# EXHIBIT A

| **Respond to Selected Documents**

**Sort Date Entries:** Descending Ascending

**Display Options:** All Entries ⌄

**08/18/2025**

**Agent Served**
Document ID - 25-SMCC-12300; Served To - THE ZURICH SERVICES CORPORATION; Served Date - 08/04/2025; Served Time - 00:00:00; Service Type - SD; Reason Description - SERV; Service Text -

**07/28/2025**

**Summons Issued-Circuit**
Document ID: 25-SMCC-12300, for THE ZURICH SERVICES CORPORATION Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service.

**07/25/2025**

**Request Filed**
Motion for Summons.
    **Filed By:** PAIGE MICHELE SPARKS
    **On Behalf Of:** MICHAEL PETERSON

**07/22/2025**

**Judge Assigned**
DIV 9
**Filing Info Sheet eFiling**

    **Filed By:** PAIGE MICHELE SPARKS
**Note to Clerk eFiling**

    **Filed By:** PAIGE MICHELE SPARKS
**Pet Filed in Circuit Ct**
Petition for Damages; Exh. 1 - MCHR Notice of Right to Sue; Exh. 2 - EEOC NRTS.
    **Filed By:** PAIGE MICHELE SPARKS
    **On Behalf Of:** MICHAEL PETERSON

Electronically Filed - St Louis County - July 22, 2025 - 10:01 AM

**25SL-CC07946**

IN THE CIRCUIT COURT OF SAINT LOUIS COUNTY
STATE OF MISSOURI

| | | |
|---|---|---|
| MICHAEL PETERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| v. | ) | |
| | ) | Case No. |
| THE ZURICH SERVICES CORPORTATION | ) | |
| d/b/a SPEARTIP, | ) | Division |
| <u>Serve Registered Agent at:</u> | ) | |
| CSC-Lawyers Incorporating Service Co., | ) | |
| 221 Bolivar St. | ) | |
| Jefferson City, MO, 65101 | ) | |
| | ) | |
| Defendant. | ) | |

## <u>PETITION FOR DAMAGES</u>

COMES NOW Plaintiff Michael Peterson ("Plaintiff"), by and through undersigned counsel, and for his Petition, hereby states to this Honorable Court as follows:

### PARTIES

1.      Plaintiff is a natural person who resides, and at all times relevant herein resided, in the State of Missouri.

2.      Defendant The Zurich Services Corporation d/b/a SpearTip ("Defendant") is, and at all times relevant herein was, a for-profit general business company incorporated under the laws of and in good standing with the State of Missouri, conducting continuous and systematic business in the State of Missouri.

3.      For all times relevant herein, Plaintiff was working at Defendant's location at 1714 Deer Tracks Trail, St. Louis, MO, 63131.

- 1 -

Electronically Filed - St Louis County - July 22, 2025 - 10:01 AM

**JURISDICTION AND VENUE**

4.     The allegations contained in all aforementioned Paragraphs are hereby realleged and incorporated as if fully set forth herein.

5.     Defendant is incorporated in the State of Missouri and Plaintiff was domiciled in Missouri for all relevant times herein, giving this Court jurisdiction over all parties.

6.     Plaintiff's causes of action arise out of unlawful discriminatory and retaliatory practices that occurred, as alleged herein, at 1714 Deer Tracks Trail, St. Louis, Missouri 63131, St. Louis County, Missouri, where Plaintiff worked for Defendant.

7.     The acts or omissions that give rise to this cause occurred in St. Louis County, Missouri and Plaintiff was damaged by Defendant in St. Louis County, Missouri, making this the proper venue.

8.     On July 9, 2025, the Missouri Commission on Human Rights (the "MCHR") issued to Plaintiff a letter indicating the right to bring a civil action against Defendant within ninety (90) days of such notice (the "Notice of Right to Sue").  See Plaintiff's Exhibit 1.

9.     On June 25, 2025, the Equal Employment Opportunity Commission (the "EEOC") issued to Plaintiff a letter indicating the right to bring a civil action against Defendant within ninety (90) days of such notice (the "EEOC Notice of Right to Sue").  See Plaintiff's Exhibit 2.

10.     This action is hereby commenced within ninety (90) days of EEOC and MCHR's issuance of Plaintiff's Notice of Right to Sue indicating the right to bring a civil action against Defendant within ninety (90) days of such notice.

11.     Thus, jurisdiction and venue are proper in St. Louis County, Missouri, pursuant to RSMo. §§ 508.010 and 213.111.1.

Electronically Filed - St Louis County - July 22, 2025 - 10:01 AM

**ADMINISTRATIVE PROCEDURES**

12.    The allegations contained within all aforementioned Paragraphs are hereby realleged and incorporated as if fully set forth herein.

13.    On or about October 10, 2024, Plaintiff timely filed a Charge of Discrimination (the "First Charge") with MCHR alleging violations by Defendant of the Missouri Human Rights Act, RSMo. § 213.010 *et seq.* (the "MHRA"), and federal anti-discrimination laws.

14.    On or about February 5, 2025, Plaintiff filed a second Charge of Discrimination (the "Second Charge," and referred to collectively herein as "the Charges") with additional allegations of Defendant's violations of the MHRA, and federal anti-discrimination and retaliation laws.

15.    The aforementioned Charges provided MCHR sufficient opportunity of at least 180 days to investigate the full scope of the controversy between Plaintiff and Defendant, and accordingly, the sweep of this action is within the broad scope that could reasonably be expected to have grown out of the Charges.

16.    Plaintiff has satisfied all private, administrative, and judicial prerequisites to the commencement of this action.

17.    This action is hereby timely filed within all applicable statutes of limitations related to the Charges.

<u>Factual Allegations Common to All Counts</u>

18.    The allegations contained within all aforementioned Paragraphs are hereby realleged and incorporated as if fully set forth herein.

19.    Plaintiff began working for Defendant as an Advisory Services Consultant and Account Manager in August 2021.

Electronically Filed - St Louis County - July 22, 2025 - 10:01 AM

20.    Plaintiff is a forty-seven (47) year old male, making him a member of one of more protected classes based on his sex and age.

21.    On or about October or November of 2023, the Defendant hired Morene Mouser ("Mouser") as Plaintiff's manager.

22.    Prior to Mouser becoming Plaintiff's manager, Plaintiff had only positive performance reviews.

23.    Prior to Mouser becoming Plaintiff's manager, Plaintiff received a performance-based raise.

24.    After Mouser became Plaintiff's manager, Mouser began to negatively target and harass Plaintiff due to his sex and his age.

25.    On February 15, 2024, Mouser served Plaintiff with a written warning alleging minor performance issues and infractions.

26.    This written warning by Mouser resulted in Plaintiff being closely monitored by Mouser for 45 days.

27.    Upon information and belief, no other similarly situated younger employees were being micromanaged by Mouser in this way.

28.    Upon information and belief, no other similarly situated female employees were being micromanaged by Mouser in this way.

29.    Prior to Mouser issuing this warning, Plaintiff had non engaged in any conduct which would justify the disciplinary warning.

30.    At the time Mouser issued the written warning, Plaintiff was the oldest employee on the team.

- 4 -

Electronically Filed - St Louis County - July 22, 2025 - 10:01 AM

31.    On or about July 12, 2024, Mouser placed Plaintiff on a performance improvement plan ("PIP").

32.    Prior to being managed by Mouser, Plaintiff was never put on a PIP.

33.    Mouser told Plaintiff that he was being placed on a PIP because of a pattern of his negative job performance.

34.    Upon information and belief, Plaintiff did not actually have a pattern of negative job performance at the time Mouser placed him on the PIP.

35.    Mouser's PIP removed several of Plaintiff's essential job responsibilities.

36.    Mouser's PIP removed almost any discretion Plaintiff was previously permitted to exercise over his work.

37.    Mouser's PIP included consequences of additional micromanaging of Plaintiff during work.

38.    For example, Mouser stated she would further micromanage Plaintiff's calls and emails as part of the PIP.

39.    Mouser's PIP contained false information alleging Plaintiff had poor work performance for Defendant.

40.    Prior to being managed by Mouser, Plaintiff had one-on-one biweekly meetings with his former manager, Caleb Boma ("Boma").

41.    Boma never put Plaintiff under any corrective actions for his job performance.

42.    Upon information and belief, Mouser purposely fabricated information on Plaintiff's PIP about his job performance that Defendant knew, or should have reasonably known, was false.

Electronically Filed - St Louis County - July 22, 2025 - 10:01 AM

43.     Upon information and belief, no other similarly situated younger employees were being micromanaged in this way by Mouser with a PIP.

44.     Upon information and belief, no other similarly situated female employees were being micromanaged in this way by Mouser with a PIP.

45.     At the time of being placed on the PIP, Plaintiff was the oldest employee on his team.

46.     On July 24, 2024, Plaintiff reported sex and age discrimination to Defendant through it's "EthicsPoint" system.

47.     Plaintiff specifically reported that he was experiencing sex and age discrimination, harassment, and retaliation from Mouser.

48.     Plaintiff reported to Defendant that he was being targeted by Mouser because he was the oldest member of the team.

49.     Additionally, Plaintiff reported that Mouser was violating Defendant's anti-harassment policies due to her yelling and name calling in the office.

50.     Also stated in Plaintiff's report was that Mouser was discriminating and retaliating against him with excessive monitoring of only Plaintiff.

51.     Plaintiff also reported to Defendant that Mouser was deliberately overloading Plaintiff with work as punishment.

52.     Plaintiff also reported to Defendant that Mouser was purposefully withholding information from Plaintiff that he needed to perform his job.

53.     Plaintiff also reported to Defendant that Mouser was excluding Plaintiff from normal workplace conversations necessary to adequately perform his job.

Electronically Filed - St Louis County - July 22, 2025 - 10:01 AM

54. Upon information and belief, Defendant did not perform an adequate investigation into Plaintiff's reports for discrimination and retaliation.

55. To the extent any investigation was performed by Defendant, Plaintiff was not interviewed as part of any investigation.

56. Upon information and belief, specific information about Plaintiff's complaint for sex and age discrimination and retaliation was shared directly with Mouser.

57. Plaintiff did not receive any other disciplinary write ups or PIPS during this time.

58. On September 10, 2024, Mouser terminated Plaintiff's employment.

59. Upon information and belief, Mouser terminated Plaintiff out of retaliation because he made a complaint for sex discrimination, age discrimination, and retaliation against her.

60. Defendant was aware that Plaintiff previously engaged in protected activities against Mouser by reporting discrimination at the time it terminated Plaintiff.

61. Plaintiff was terminated by the same person he reported to Defendant for discrimination and harassment.

62. Mouser falsely cited that Plaintiff was being terminated because Plaintiff allegedly showed no improvement on his work performance.

63. However, Mouser terminated Plaintiff two days before he was scheduled to complete the PIP.

64. Mouser stated Plaintiff was being terminated for errors in his work.

65. Defendant waited until after Plaintiff had engaged in a protected activity by reporting Mouser before it terminated his employment.

66. Mouser used pretextual reasons, such as minor alleged performance infractions, for Plaintiff's termination.

- 7 -

Electronically Filed - St Louis County - July 22, 2025 - 10:01 AM

67.     Upon information and belief, Mouser did not treat other similarly situated younger employees the same way by terminating them for minor infractions.

68.     Upon information and belief, Mouser did not treat other similarly situated female employees the same way by terminating them for minor infractions.

69.     This termination by Mouser was direct retaliation against Plaintiff for engaging in protected activities.

70.     On October 10, 2024, Plaintiff engaged in an additional protected activity by filing the Charge with the EEOC for allegations of sex discrimination, age discrimination, and retaliation against Defendant.

71.     On or about October 14, 2024, Defendant was provided with notice that the Charge was filed by Plaintiff.

72.     As part of this notice, Defendant was directed to send all future relevant correspondence through Plaintiff's counsel, and to not contact Plaintiff directly regarding this pending litigation.

73.     On November 11, 2024, Defendant contacted Plaintiff and demanded that Plaintiff repay a previously-paid bonus after his termination.

74.     Plaintiff disputed that he owed this amount to Defendant.

75.     After further inquiry, a representative of Defendant stated it would pause on any collection efforts related to this bonus repayment due to pending litigation.

76.     However, on December 19, 2024, Defendant sent the bonus amount it claimed to be owed to a third-party collections agency.

77.     Defendant sent this claim to collections despite previously representing to Plaintiff it would not take any such action.

Electronically Filed - St Louis County - July 22, 2025 - 10:01 AM

78.     Defendant's collection efforts could have a negative impact on Plaintiff's credit.

79.     Notably, the amount Defendant originally claimed to be owed by Plaintiff and the amount Defendant sent to collections were significantly different amounts, as Defendant was seeking to recover more than it claimed to originally be owed through the third-party collections agency.

80.     Upon information and belief, Defendant knew of this claimed bonus repayment amount prior to Plaintiff filing a Charge with the EEOC.

81.     Defendant only started these collection efforts after Plaintiff engaged in a protected activity by filing a Charge with the EEOC on October 10, 2024.

82.     Upon information and belief, Defendant has never previously sent an employee to collections regarding a repayment of a bonus amount.

83.     Upon information and belief, Defendant has never actually collected any collections amount from any former employee other than Plaintiff regarding a repayment of a bonus amount after termination.

84.     Defendant's retaliatory collection efforts against Plaintiff are ongoing as of the date of filing this Petition for Damages.

85.     As a result of this further retaliation by Defendant, Plaintiff filed a second Charge for retaliation on February 5, 2025.

86.     On or about October 2, 2024, after Plaintiff's termination, he sent a written Missouri Service Letter Request ("Service Letter") to Defendant, pursuant to RSMo. 290.140.

87.     The Service Letter was sent via Certified U.S. First-Class mail with specific reference to the Missouri Service Letter Statute.

Electronically Filed - St Louis County - July 22, 2025 - 10:01 AM

88.    The Service Letter was confirmed delivered and signed for by Defendant on October 18, 2024.

89.    On November 11, 2024, Mouser responded to the Service Letter on behalf of Defendant.

90.    In the Service Letter response, Mouser falsely stated Plaintiff was terminated due to poor work performance.

91.    In the Service Letter response, Mouser also stated Plaintiff was terminated for providing "tardy" or "inaccurate" information to customers, which is false.

92.    The reason offered by Mouser for Plaintiff's termination in the Service Letter response is not a true and accurate reason for Plaintiff's termination.

93.    Upon information and belief, Defendant terminated Plaintiff in retaliation for engaging in protected activities by reporting Mouser for age and sex discrimination.

94.    To date, Defendant has refused to provide a true and accurate reason for Plaintiff's termination.

95.    Upon information and belief, Defendant did not put the true reason for Plaintiff's termination in its Service Letter response out of malice and/or evil motive because it would have had to admit to violating discrimination and retaliation laws if it truthfully answered the Service Letter request.

96.    Upon information and belief, Defendant later fired Mouser for similar harassing, discriminatory, and retaliatory conduct involving another employee.

97.    As a direct and proximate result of Defendant's actions and/or omissions, Plaintiff has suffered, and continues to suffer, and will in the future suffer irreparable damages, including

- 10 -

Electronically Filed - St Louis County - July 22, 2025 - 10:01 AM

but not limited to embarrassment, fear, humiliation, stress, and other garden variety emotional distress.

### COUNT I
### SEX DISCRIMINATION
*In Violation of the Missouri Human Rights Act*

98.     The allegations contained in all aforementioned Paragraphs are hereby realleged and incorporated as if fully set forth herein.

99.     For all times relevant herein, Plaintiff was male.

100.    Defendant was aware of Plaintiff's sex at the time of his termination.

101.    As a result, for all times relevant herein, Plaintiff was a member of one or more protected classes as contemplated by the MHRA.

102.    Defendant discriminated against Plaintiff on the basis of his sex (male).

103.    Plaintiff's sex did not interfere with his work performance for Defendant.

104.    Defendant was an "employer" of Plaintiff for all times relevant herein, as defined by the MHRA.

105.    During his employment, Plaintiff had never been written up or disciplined for poor work performance prior to Mouser becoming his manager.

106.    During his employment, Plaintiff earned performance-based raises prior to Mouser becoming his manager.

107.    On July 12, 2024, Mouser placed Plaintiff on a PIP to complete.

108.    By placing Plaintiff on a PIP, Plaintiff had several job responsibilities and discretion removed from his work.

109.    As part of the PIP, Mouser began micromanaging all of Plaintiff's work.

Electronically Filed - St Louis County - July 22, 2025 - 10:01 AM

110.    Upon information and belief, Mouser did not subject any similarly-situated female employees to this type of micromanagement.

111.    On July 24, 2024, Plaintiff reported Mouser to Defendant for sex discrimination, age discrimination, and retaliation.

112.    On September 10, 2024, Mouser terminated Plaintiff's employment.

113.    Plaintiff suffered an adverse employment action when Mouser terminated his employment after Plaintiff reported Mouser for discrimination.

114.    Additionally, Mouser terminated Plaintiff two days before his PIP was set to end.

115.    Plaintiff was the only employee that Mouser fired for poor work performance at the time of his termination, even though Plaintiff was doing the same quality work provided by similarly situated co-workers.

116.    Prior to termination, Plaintiff engaged in no conduct to give rise to termination.

117.    Plaintiff's protected class as a man was a motivating factor in Defendant's decision to terminate his employment.

118.    Defendant's termination of Plaintiff's employment was an adverse employment action, as defined by the MHRA.

119.    As a direct and proximate result of Defendant's actions and/or omissions, Plaintiff has been deprived of income and lost other monetary and non-monetary benefits as a result of being terminated by Defendant.

120.    As a direct and proximate result of Defendant's actions and/or omissions, Plaintiff has suffered – and continues to suffer – garden variety emotional distress and other related compensatory damages.

Electronically Filed - St Louis County - July 22, 2025 - 10:01 AM

121.    Plaintiff is entitled to recover reasonable attorneys' fees from Defendant, as provided by RSMo. § 213.111.2.

WHEREFORE, for good cause shown, Plaintiff prays this Honorable Court enter a judgment against Defendant for damages and attorneys' fees in an amount to be determined at trial but exceeding Twenty-Five Thousand dollars ($25,000.00), court costs and for any other further relief as the court may deem just and proper.

## COUNT II
## AGE DISCRIMINATION
*In Violation of the Missouri Human Rights Act*

122.    The allegations contained in all aforementioned Paragraphs are hereby realleged and incorporated as if fully set forth herein.

123.    For all times relevant herein, Plaintiff was forty-seven (47) years old.

124.    Defendant was aware of Plaintiff's age at the time of his termination.

125.    Defendant was the oldest member of his team at the time of his termination.

126.    As a result, for all times relevant herein, Plaintiff was a member of one or more protected classes as contemplated by the MHRA.

127.    Defendant discriminated against Plaintiff on the basis of his age.

128.    Plaintiff's age did not interfere with his work performance for Defendant.

129.    Defendant was an "employer" of Plaintiff for all times relevant herein, as defined by the MHRA.

130.    During his employment, Plaintiff had never been written up or disciplined for poor work performance prior to Mouser becoming his manager.

131.    During his employment, Plaintiff earned performance-based raises prior to Mouser becoming his manager.

Electronically Filed - St Louis County - July 22, 2025 - 10:01 AM

132.     On July 12, 2024, Mouser placed Plaintiff on a PIP to complete.

133.     By placing Plaintiff on a PIP, Plaintiff had several job responsibilities and discretion removed from his work.

134.     As part of the PIP, Mouser began micromanaging all of Plaintiff's work.

135.     Upon information and belief, Mouser did not subject and similarly-situated younger employees to this type of micromanagement.

136.     Plaintiff was the oldest member of his team at the time Mouser put him on a PIP.

137.     On July 24, 2024, Plaintiff reported Mouser to Defendant for sex discrimination, age discrimination, and retaliation.

138.     On September 10, 2024, Mouser terminated Plaintiff's employment.

139.     Plaintiff suffered an adverse employment action when Mouser terminated his employment after Plaintiff reported Mouser for age discrimination.

140.     Additionally, Mouser terminated Plaintiff two days before his PIP was set to end.

141.     Plaintiff did not receive any additional poor performance notices from Mouser prior to termination.

142.     Plaintiff was the only employee that Mouser fired for poor work performance at the time of his termination, even though Plaintiff was doing the same quality work provided by similarly situated co-workers.

143.     Prior to termination, Plaintiff engaged in no conduct to give rise to termination.

144.     Plaintiff's protected class as a forty-seven year old man was a motivating factor in Defendant's decision to terminate his employment.

145.     Defendant's termination of Plaintiff's employment was an adverse employment action, as defined by the MHRA.

- 14 -

Electronically Filed - St Louis County - July 22, 2025 - 10:01 AM

146.    As a direct and proximate result of Defendant's actions and/or omissions, Plaintiff has been deprived of income and lost other monetary and non-monetary benefits as a result of being terminated by Defendant.

147.    As a direct and proximate result of Defendant's actions and/or omissions, Plaintiff has suffered – and continues to suffer – garden variety emotional distress and other related compensatory damages.

148.    Plaintiff is entitled to recover reasonable attorneys' fees from Defendant, as provided by RSMo. § 213.111.2.

WHEREFORE, for good cause shown, Plaintiff prays this Honorable Court enter a judgment against Defendant for damages and attorneys' fees in an amount to be determined at trial but exceeding Twenty-Five Thousand dollars ($25,000.00), court costs and for any other further relief as the court may deem just and proper.

## COUNT III
## RETALIATION
*In Violation of the Missouri Human Rights Act*

149.    The allegations contained in all aforementioned Paragraphs are hereby realleged and incorporated as if fully set forth herein.

150.    For all times relevant herein, Defendant was aware that Plaintiff was a forty-seven (47) year old man.

151.    As a forty-seven-year-old man, Plaintiff was a member of one or more protected classes as defined by the MHRA based off his sex and age.

152.    Plaintiff engaged in protected activity during his employment with Defendant.

153.    Plaintiff engaged in additional protected activity multiple times throughout the EEOC and MCHR Charge process.

Electronically Filed - St Louis County - July 22, 2025 - 10:01 AM

154.    On July 24, 2024, Plaintiff first engaged in protected activities when he reported Mouser's unlawful discrimination of him to Defendant.

155.    On September 10, 2024, an adverse employment action was taken against Plaintiff when Mouser terminated his employment.

156.    Mouser terminated Plaintiff for false poor performance allegations.

157.    Upon information and belief, female, similarly-situated employees were not terminated for the same minor errors Mouser terminated Plaintiff for.

158.    Upon information and belief, younger, similarly-situated employees were not terminated for the same minor errors Mouser terminated Plaintiff for.

159.    Defendant engaged in unlawful employment practices in violation of the MHRA when it terminated Plaintiff after engaging in multiple protected activities.

160.    A causal connection exists between the protected activity and the retaliation due to the short proximity in time between Plaintiff engaging in protected activities and being terminated by the person he specifically accused of discrimination.

161.    Plaintiff clearly communicated to his employer a belief that Mouser engaged in a form of employment discrimination, and he provided specific examples to support his beliefs, so Plaintiff's communication constitutes opposition to Mouser's discrimination activities.

162.    On October 10, 2024, Plaintiff filed his First Charge against Defendant for age discrimination, sex discrimination, and retaliation.

163.    After Plaintiff filed his First Charge, on December 19, 2024, Defendant sent a disputed bonus repayment amount it alleged Plaintiff owed to a third-party collections company.

164.    Defendant sent this amount to collections despite previously informing Plaintiff through a representative that it would pause all collection efforts during this litigation.

- 16 -

Electronically Filed - St Louis County - July 22, 2025 - 10:01 AM

165.    The amounts Defendant later claimed to be owed as part of the collection efforts were significantly greater than Defendant previously claimed to be owed.

166.    This collection effort is additional retaliation against Plaintiff because Defendant only brought this action after Plaintiff had engaged in protected activities by filing a Charge.

167.    Upon information and belief, Plaintiff was terminated in retaliation for reporting unlawful employment discrimination against Mouser.

168.    The effect of the practices complained of herein has been to deprive Plaintiff of equal employment opportunities because of his age and sex.

169.    Defendant's unlawful employment practice of terminating Plaintiff was intentional and with total disregard to the rights of Plaintiff, and others.

170.    Defendant's unlawful employment practices of terminating Plaintiff were done with malice and/or reckless indifference to Plaintiff's state and federal protected rights.

171.    As a direct and proximate result of Defendant's violations of the MHRA, Plaintiff has been deprived of income, as well as the loss of other monetary and non-monetary benefits.

172.    As a direct and proximate result of Defendant's actions and/or omissions, Plaintiff has suffered – and continues to suffer – garden variety emotional distress and other related damages.

173.    Plaintiff is entitled to recover reasonable attorneys' fees from Defendant, as provided by RSMo. § 213.010 *et seq.*

WHEREFORE, for good cause shown, Plaintiff prays this Honorable Court enter a judgment against Defendant for damages and attorneys' fees in an amount to be determined at trial but exceeding Twenty-Five Thousand dollars ($25,000.00), court costs and for any other further relief as the court may deem just and proper.

- 17 -

Electronically Filed - St Louis County - July 22, 2025 - 10:01 AM

## COUNT IV
## SERVICE LETTER VIOLATION
*In violation of RSMo. § 290.140*

174.    The allegations contained in all aforementioned Paragraphs are hereby realleged and incorporated as if fully set forth herein.

175.    Defendant is an employer within the meaning of the Missouri Service Letter Statute, RSMo. § 290.140, and it employs more than seven (7) employees.

176.    Plaintiff was employed by Defendant for a period longer than ninety days, thus satisfying the requirements of the statute.

177.    On or about October 2, 2024, after Plaintiff was terminated, he sent a written Service Letter to Defendant via certified U.S. First Class Mail with specific reference to the Missouri Service Letter Statute.

178.    The Service Letter was delivered to and signed for by Defendant on October 18, 2024.

179.    The Service Letter statute requires an employer to "issue to such employee, within forty-five days after the receipt of such request, a letter, duly signed by such superintendent or manager, setting forth the nature and character of service rendered by such employee to such corporation and the duration thereof, **and truly stating for what cause, if any, such employee was discharged** or voluntarily quit such service." RSMo. § 290.140 (emphasis added).

180.    Defendant responded to Plaintiff's Service Letter request on November 11, 2024.

181.    Defendant's response to Plaintiff's Service Letter request did not contain a true and accurate reason for Plaintiff's termination.

182.    Defendant's Service Letter response is inadequate per statutory requirements because it did not truly state the reason for Plaintiff's termination.

- 18 -

Electronically Filed - St Louis County - July 22, 2025 - 10:01 AM

117.    Upon information and belief, Defendant's failure to provide Plaintiff with the true and accurate reason for the end of employment, as required by Missouri Law, was done out of further retaliation, and with intentional evil motive, malice, or in reckless disregard for the rights of Plaintiff.

WHEREFORE, for good cause shown, Plaintiff prays this Honorable Court enter a judgment against Defendant for damages in an amount to be determined at trial but exceeding Twenty-Five Thousand dollars ($25,000.00), court costs and for any other further relief as the court may deem just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff demands a **TRIAL BY JURY** in the Circuit Court of St. Louis County, Missouri, as to any and all counts and/or allegations alleged in this Petition for Damages.

Dated: July 22, 2025

Respectfully submitted,

SPARKS LEGAL

By: /s/ Paige Sparks
Paige Sparks, #72143MO
1777 Washington Crossing, #1063
Washington, MO 63090
Phone: (636) 388-8285
paige@sparkslegal.org

*ATTORNEY FOR PLAINTIFF*

- 19 -

**25SL-CC07946**

Electronically Filed - St Louis County - July 22, 2025 - 10:01 AM

**MISSOURI DEPARTMENT OF LABOR AND INDUSTRIAL RELATIONS**
# MISSOURI COMMISSION ON HUMAN RIGHTS

| **MIKE KEHOE** | **ANNA S. HUI** | **AL LI** | **ALISA WARREN, PH.D.** |
|---|---|---|---|
| GOVERNOR | DEPARTMENT DIRECTOR | COMMISSION CHAIR | EXECUTIVE DIRECTOR |

July 9, 2025

Michael Peterson
2025 Zumbehl Rd.
Number 102
St. Charles, MO 63301
Via Complainant Attorney Email: paige@sparkslegal.org

**NOTICE OF RIGHT TO SUE**

RE:  Peterson v. The Zurich Services Corporation d/b/a Spear Tip, FE-10/24-
39156; 560-2025-00160

The Missouri Commission on Human Rights (MCHR) is terminating its proceedings and
issuing this notice of your right to sue under the Missouri Human Rights Act because you
have requested a notice of your right to sue.

This letter indicates your right to bring a civil action within 90 days of this notice against
the respondent(s) named in the complaint. Such an action may be brought in any circuit
court in any county in which the unlawful discriminatory practice is alleged to have
occurred but it must be brought no later than two years after the alleged cause occurred
or its reasonable discovery. Upon issuance of this notice, the MCHR is terminating all
proceedings relating to the complaint. No person may file or reinstate a complaint with
the MCHR after the issuance of a notice of right to sue relating to the same practice or
act. You are hereby notified of your right to sue the Respondent(s) named in your
complaint in state circuit court. **THIS MUST BE DONE WITHIN 90 DAYS OF THE DATE
OF THIS NOTICE OR YOUR RIGHT TO SUE IS LOST**.

You are also notified that the Executive Director is hereby administratively closing this
case and terminating all MCHR proceedings relating to it. This notice of right to sue has
no effect on the suit-filing period for any federal claims. This notice of right to sue is being
issued as required by Section 213.111.1, RSMo, because it has been over 180 days after
the filing of this complaint and MCHR has not completed its administrative processing.

In addition to the process described above, if any party is aggrieved by this decision of
the MCHR, that party may appeal the decision by filing a petition under § 536.150 of the
Revised Statutes of Missouri. Any such petition must be filed in the Circuit Court of Cole
County.

(CONTINUED ON NEXT PAGE)

*The Missouri Commission on Human Rights is an equal opportunity employer/program.*
*Auxiliary aides and services are available upon request to individuals with disabilities.*

TDD/TTY: 1-800-735-2966  •  Relay Missouri: 711  •  www.labor.mo.gov/discrimination  •  Email: mchr@labor.mo.gov

Electronically Filed - St Louis County - July 22, 2025 - 10:01 AM

RE:  Peterson v. The Zurich Services Corporation d/b/a Spear Tip
FE-10/24-39156; 560-2025-00160


Respectfully,

Alisa Warren, Ph.D.
Executive Director

CC:
The Zurich Services Corporation D/b/a Spear Tip
1714 Deer Tracks Trail
Town and County, MO 63131
*Via Respondent Attorney Email*

Ketsia Theodor
The Zurich Services Corporation
1299 Zurich Way
Schaumburg, IL 60196
Ketsia.theodor@zurichna.com

Paige Sparks
Attorney, Sparks Legal
1777 Washington Crossing
Suite 1063
Washington, MO 63090
paige@sparkslegal.org

*The Missouri Commission on Human Rights is an equal opportunity employer/program.*
*Auxiliary aides and services are available upon request to individuals with disabilities.*

TDD/TTY: 1-800-735-2966    •    Relay Missouri: 711    •    www.labor.mo.gov/discrimination    •    Email: mchr@labor.mo.gov

25SL-CC07946

Electronically Filed - St Louis County - July 22, 2025 - 10:01 AM



# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**St. Louis District Office**
1222 Spruce St, Rm 8 100
St Louis, MO 63103
(314) 798-1960
Website: www.eeoc.gov

## DISMISSAL AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: June 25, 2025

**To:** Mr. Michael  Peterson
2025 Zumbehl Rd. #102
Saint Charles, MO 63301
Charge No: 560-2025-00160

EEOC Representative and email:    WALTER HARRIS
Senior Investigator
walter.harris@eeoc.gov

---

### DISMISSAL OF CHARGE

The EEOC has granted your request for a Notice of Right to Sue, and more than 180 days have passed since the filing of this charge.

The EEOC is terminating its processing of this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign in to the EEOC Public Portal and upload the court complaint to charge 560-2025-00160.

On behalf of the Commission,

Alfred C. Kirk Jr.

Digitally signed by Alfred C. Kirk Jr.
Date: 2025.06.25 07:05:25 -05'00'

p.p.
David Davis
District Director

**Cc:**
Incident  Location
The Zurich Services Corporation d/b/a SpearTip
1714 Deer Tracks Trail
Saint Louis, MO 63131

Ketsia Theodor
Zurich North America
1299 Zurich Way
Schaumburg, IL 60196

Kristen Kyle
Zurich Services Corporation
1299 Zurich Way
Schaumburg, IL 60196

Paige M Sparks Esq.
Sparks Law Firm
1777 Washington Crossing #1063
WASHINGTON, MO 63090


Please retain this notice for your records.

Electronically Filed - St Louis County - July 22, 2025 - 10:01 AM

Electronically Filed - St Louis County - July 22, 2025 - 10:01 AM

Enclosure with EEOC Notice of Closure and Rights (01/22)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

### IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA, the ADEA, or the PWFA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA, the ADEA or the PWFA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of this Notice and within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

### ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

### HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a Freedom of Information Act (FOIA) request or 2) a "Section 83" request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of this notice, please submit your FOIA and/or Section 83 request for the charge file promptly to allow sufficient time for EEOC to respond and for your review.

**To make a FOIA request for your charge file**, submit your request online at https://eeoc.arkcase.com/foia/portal/login (this is the preferred method).  You may also submit a FOIA request for your charge file by U.S. Mail by submitting a signed, written request identifying your request as a "FOIA Request" for Charge Number 560-2025-00160 to the

Enclosure with EEOC Notice of Closure and Rights (01/22)

District Director at David Davis, 1222 Spruce St Rm 8 100, St Louis, MO 63103.

**<u>To make a Section 83 request for your charge file</u>**, submit a signed written request stating it is a "Section 83 Request" for Charge Number 560-2025-00160 to the District Director at David Davis, 1222 Spruce St Rm 8 100, St Louis, MO 63103.

You may request the charge file up to 90 days after receiving this Notice of Right to Sue. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA requests, go to
https://www.eeoc.gov/eeoc/foia/index.cfm.

For more information on submitted Section 83 requests, go to https://www.eeoc.gov/foia/section-83-disclosure-information-charge-files.

Electronically Filed - St Louis County - July 22, 2025 - 10:01 AM

Electronically Filed - ST LOUIS COUNTY - July 25, 2025 - 04:27 PM

IN THE CIRCUIT COURT OF SAINT LOUIS COUNTY
STATE OF MISSOURI

MICHAEL PETERSON,            )
                            )
        Plaintiff,           )
                            )        Cause No.:    25SL-CC07946
        v.                   )
                            )
THE ZURICH SERVICES CORP.,   )
                            )
        Defendant.           )

## MOTION FOR SUMMONS

COMES NOW, Plaintiff Michael Peterson ("Plaintiff"), by and through the undersigned counsel, and for his Motion for Summons, states as follows:

1. Plaintiff filed his Petition for Damages in this Court on July 22, 2025.

2. Plaintiff seeks a summons to be served on the registered agent's address at:

    Reg. Agent: CSC-Lawyers Incorporating Service Company
    221Bolivar St.
    Jefferson City, MO 65101

WHEREFORE, Plaintiff Michael Peterson respectfully requests this Honorable Court, by and through the Circuit Clerk, issue a summons in this matter, and for all such other relief as deemed just and proper.

Submitted: July 25, 2025

                            Respectfully Submitted,


                    By:    /s/ Paige Sparks
                            Paige Sparks, #72143
                            SPARKS LEGAL
                            1777 Washington Crossing, #1063
                            Washington, MO 63090
                            Phone: (314) 229-8777
                            paige@sparkslegal.org
                            *Attorney for Plaintiff*

Electronically Filed - ST LOUIS COUNTY - July 25, 2025 - 04:27 PM

<u>CERTIFICATE OF SERVICE</u>

     The undersigned hereby certifies that a true and correct copy of the foregoing was filed with this Honorable Court on July 25, 2025, via the electronic filing system and contemporaneously served upon all counsel of record by operation thereof.

/s/ Paige Sparks
Paige Sparks, #72143



# Summons in Civil Case

## IN THE 21ST JUDICIAL CIRCUIT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>DAVID L VINCENT III | Case Number:  25SL-CC07946 | |
|---|---|---|
| Plaintiff/Petitioner:<br>MICHAEL PETERSON | Plaintiff's/Petitioner's Attorney/Address<br>PAIGE MICHELE SPARKS<br>2025 ZUMBEHL RD<br>#102<br>ST CHARLES, MO  63303 | |
| vs. | | |
| Defendant/Respondent:<br> THE ZURICH SERVICES CORPORATION<br>DBA:   SPEARTIP | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 | |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | | (Date File Stamp for Return) |

The State of Missouri to:    **THE ZURICH SERVICES CORPORATION**
                        **Alias:**
                            **DBA:   SPEARTIP**

**CSC-LAWYERS INC SERV C0**
**221 BOLIVAR STREET**
**JEFFERSON CITY, MO  65101**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

### *COURT SEAL OF*



### *ST. LOUIS COUNTY*

| 28-JUL-2025 | /S/ Adam Dockery |
|---|---|
| Date | Clerk |

**Further Information:**
AD

Case Number: 25SL-CC07946

## Officer's or Server's Return

**Note to serving officer**: Service should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to:

_____ (name) _____ (title).

☐ other: _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date)

at _____ (time).

_____          _____
Printed Name of Officer or Server                Signature of Officer or Server

**Must be sworn before a notary public if not served by an authorized officer.**
Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____ _____

                                              Date              Notary Public

**Service Fees (if applicable)**

| | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | **$_____** |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

**THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

**NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES**

**<u>Purpose of Notice</u>**

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

**<u>Your Rights and Obligations in Court Are Not Affected By This Notice</u>**

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

**<u>Alternative Dispute Resolution Procedures</u>**

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

**(1) <u>Advisory Arbitration:</u>** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

CCADM73

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement.  An effective mediator may offer solutions that have not been considered by the parties or their lawyers.  A mediator may not impose his or her own judgment on the issues for that of the parties.

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Avenue, 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms.  You should ask your lawyer for further information.



**OFFICE OF THE CIRCUIT CLERK**

Missouri's 21st Judicial Circuit, St. Louis County
Civil Department
105 South Central Avenue, Clayton, MO 63105
Hours: Monday through Friday 8:00 A.M. to 5:00 P.M.
Phone: 314-615-8029

SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act. Please notify the Office of the Circuit Clerk at 314-615-8029. FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 0r 800-735-2966, at least three business days in advance of the court proceeding.



# Summons in Civil Case

## IN THE 21ST JUDICIAL CIRCUIT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>DAVID L VINCENT III | Case Number: 25SL-CC07946 | RECEIVED |
|---|---|---|
| Plaintiff/Petitioner:<br>MICHAEL PETERSON<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>PAIGE MICHELE SPARKS<br>2025 ZUMBEHL RD<br>#102<br>ST CHARLES, MO 63303 | AUG 0 1 2025<br>COLE COUNTY<br>SHERIFF'S OFFICE |
| Defendant/Respondent:<br>THE ZURICH SERVICES<br>CORPORATION<br>DBA: SPEARTIP | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO 63105 | |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | | (Date File<br>Stamp for<br>Return) |

The State of Missouri to:   THE ZURICH SERVICES CORPORATION
                        Alias:

**DBA: SPEARTIP**

**CSC-LAWYERS INC SERV C0**
**221 BOLIVAR STREET**
**JEFFERSON CITY, MO 65101**

# FILED

AUG 1 8 2025

JOAN M. GILMER
CIRCUIT CLERK, ST. LOUIS COUNTY

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

**COURT SEAL OF**



**ST. LOUIS COUNTY**

|  |  |
|---|---|
| 28-JUL-2025 | /S/ Adam Dockery |
| Date | Clerk |

**Further Information:**
AD



Case Number: 25SL-CC07946

## Officer's or Server's Return

**Note to serving officer:** Service should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.

☑ (for service on a corporation) delivering a copy of the summons and petition to:

_CSC Lawyers, S. Louis_ (name) _designee_ (title).

☐ other: _____.

Served at _350 E. High St_ (address)

In _Colo_ (County/City of St. Louis), MO, on _8-9-2025_ (date)

at _800 AM_ (time).

_Sheriff John P Wheeler_    by   _EP Aimee Wra_
Printed Name of Officer or Server      Signature of Officer or Server

**Must be sworn before a notary public if not served by an authorized officer.**
Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____ _____
                                  Date                Notary Public

**Service Fees (if applicable)**

| | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $___10.00___ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| Total | $_____ |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

## THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI

### Twenty First Judicial Circuit

## NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES

### Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

### Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

### Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

(1) **Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

(2) **Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement. An effective mediator may offer solutions that have not been considered by the parties or their lawyers. A mediator may not impose his or her own judgment on the issues for that of the parties.

(3) **Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator. The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions. While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

(4) **Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations. The neutral third party may issue an advisory opinion regarding the merits of the case. The advisory opinion is not binding.

(5) **Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations. A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed. After the "trial", the jurors retire to deliberate and then deliver an advisory verdict. The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral. As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals. The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list. The Circuit Clerk also has Neutral Qualifications Forms on file. These forms have been submitted by the neutrals on the list and provide information on their background and expertise. They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Avenue, 5th Floor, Clayton, Missouri 63105. The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral. The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.



**OFFICE OF THE CIRCUIT CLERK**
Missouri's 21ˢᵗ Judicial Circuit, St. Louis County
Civil Department
105 South Central Avenue, Clayton, MO 63105
Hours: Monday through Friday 8:00 A.M. to 5:00 P.M.
Phone: 314-615-8029

SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act.
Please notify the Office of the Circuit Clerk at 314-615-8029. FAX 314-615-8739, email at
SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 Or 800-735-2966, at least
three business days in advance of the court proceeding.